Gary L. Lassen ( # 5259)
Gary Lassen, PLC
2020 North Central Avenue
Central park Square, Suite 1100
Phoenix, AZ 85004
Telephone: (602) 252- 1205
Facsmile: (602) 254-6982

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID L. BRASWELL, a married Arizona resident;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PLATO LEARNING, INC., a Delaware corporation,<br><br>　　　　　Defendant | Case No.:<br><br>COMPLAINT |

Plaintiff David L. Braswell (Plaintiff) by and through undersigned counsel, hereby alleges as follows:

**The Parties**

1.　　Plaintiff David L. Braswell (Braswell) is a married man who resides in the State of Arizona. Braswell is an Arizona citizen. Braswell's actions and interests herein are in furtherance of his sole and separate property interests.

2.　　Defendant PLATO Learning, Inc. (PLATO) is a corporation organized under the laws of the State of Delaware. PLATO maintains its principle place of business in Minneapolis, Minnesota. PLATO is a Minnesota citizen but has substantial ties with Arizona, has employees in Arizona and does business in Arizona.

- 1 -

**Jurisdiction and Venue**

3. This Court has jurisdiction of this matter under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this jurisdiction under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims herein occurred in this district.

**Background**

5. In or about 1997 Braswell, and others formed TeachMaster Technologies, Inc. (TeachMaster), which was organized under the laws of the State of South Dakota. TeachMaster was formed to and did engage in activity related to the development and provision of curriculum software and consulting services to the education market.

6. TeachMaster's officers and directors included Braswell who was the President of TeachMaster.

7. TeachMaster conducted its operations from Phoenix, Arizona, including Braswell's activities as TeachMaster's President.

8. TeachMaster became a provider of curriculum alignment products and services to various clients throughout the United States. TeachMaster's assets included established curriculum alignment service programs and other programs still in development. The value of TeachMaster's assets, including TeachMaster's curriculum alignment software programs, was substantial and in excess of millions of dollars.

9. In or about April 2001 PLATO initiated contact and negotiations with TeachMaster to purchase TeachMaster and its assets.

10. Upon information and belief, in or about 2000 PLATO had obtained in a public stock offering approximately $55 million in capital, with which PLATO intended to acquire an educational service company such as TeachMaster. It is believed that PLATO budgeted approximately $3.5 million to acquire TeachMaster.

11. Over the next several months PLATO and TeachMaster worked to solidify the terms of the acquisition.

12. During the course of negotiations, PLATO repeatedly assured TeachMaster that upon acquisition, among other things, TeachMaster's operations would continue under Braswell's direction; that PLATO would use its extensive resources, including its sales force, to increase the sales of TeachMaster's software products and thereby increase TeachMaster's market share; that TeachMaster would retain its Phoenix office and its valued employees already knowledgeable about TeachMaster products and operations; and that PLATO would actively and aggressively market these products and others in development to PLATO's existing contracted customers; and that, while TeachMaster would join the PLATO family of education-service companies, TeachMaster would remain a viable, ongoing business concern.

13. PLATO's representations and assurances were such that Plaintiff agreed to sell TeachMaster and its assets and to reduce the amount of compensation Plaintiff was to receive up front from the sale. PLATO convinced Plaintiff that PLATO's resources that were to be dedicated to the development and sale of TeachMaster products would be such that TeachMaster's product sales would generate certain revenue and profit goals upon which additional compensation would be provided.

14. In furtherance of its representations, in or about July 2001 PLATO provided to TeachMaster a letter of intent (LOI), in which PLATO confirmed its intentions as to acquisition

of TeachMaster and certain financial structuring. Subsequent to the LOI, PLATO completed its due diligence review of TeachMaster's assets and business operations.

15. Based on PLATO's representations and assurances, Plaintiff sold TeachMaster and its assets to PLATO.

16. On or about September 19, 2001, Plaintiff entered into a PLATO Stock Purchase Agreement (Agreement). The terms of the Agreement were based upon PLATO's representations that, among other things, PLATO would provide significant funds and the allocation of resources needed to further develop and market TeachMaster's software programs.

17. Under the Agreement, Plaintiff agreed to sell to PLATO TeachMaster's outstanding shares of common stock, approximately 25,000 shares, in return for PLATO's promised consideration. PLATO's consideration include its assumption of TeachMaster's liabilities and its provision of certain payments. PLATO also promised payments to TeachMaster's owners upon the sale's close of $2.276 million in cash and 18,327 shares of PLATO common stock (that was then adjusted in a 4:3 stock split to 24,436 shares). PLATO stock was valued on the date of the Agreement $23.60. As further compensation for Teach Master's assets PLATO was to provide to Plaintiff for the fiscal years 2002, 2003 and 2004 "earn out" payments of an additional $250,000 per year in cash and provide to Braswell common stock options (split adjusted). This provision was insisted on by PLATO.

18. PLATO's payments to TeachMaster contemplated and required TeachMaster's continued operations and PLATO's provision of promised consideration, such as allocation of sales resources for the market and sale of TeachMaster existing and future products. PLATO established the revenue and profit goals based on its assurances and representations provided by PLATO during the course of negotiations for the acquisition.

19. PLATO provided the initial consideration required under the Agreement and the sale closed.

20. Subsequent to the sale's close and PLATO's acquisition of TeachMaster and its assets, PLATO failed to fulfill its obligations to Plaintiff.

21. PLATO intentionally or negligently entered upon a course of conduct that thwarted the very purpose of the Agreement and revealed that its representations and omissions inducing the sale by Plaintiff has been misleading.

22. PLATO failed to disclose to Plaintiff any business plan or intention regarding other acquisitions, that would and did have an adverse impact on TeachMaster products such that certain revenue and profit goals could not be realized.

23. PLATO continuously failed to provide essential and promised support for the promotion and sale of TeachMaster products and on going development of future products.

24. PLATO failed to credit Plaintiff from the sale of TeachMaster products with full and appropriate sales credit toward revenue and profit goals.

25. PLATO undertook a course of action, including acquisitions and reorganizations that resulted in PLATO's disregard to its obligation to Plaintiff under the agreement, including the transfer of TeachMaster's operations, products and future product development and employees to other PLATO's operations and the termination of TeachMaster's Arizona operations.

26. PLATO integrated or blended TeachMaster products with other products later acquired by PLATO such that independent recognition of TeachMaster products for purposes of revenue and profit goals was impossible.

27. PLATO's actions and omissions were such that by the close of 2002, TeachMaster no longer existed as an identifiable entity and with products sufficiently independent of other PLATO products such that Plaintiff was afforded any reasonable opportunity to realize the remaining consideration PLATO was to provide under the Agreement.

28. PLATO caused TeachMaster's operations to be limited if not outright ceased such that further activity by TeachMaster, including as to any operations or sales that were contemplated by the Agreement and that would require PLATO's provision of additional compensation under the Agreement, is materially hindered if not outright impossible.

29. As a result, PLATO has failed to provide Plaintiff with the earn-out payments as required under the Agreement.

30. For fiscal year 2002 and subsequent years PLATO failed to voluntarily provide to Plaintiff as required by the Agreement yearly earn-out reports. PLATO actions have denied Plaintiff the opportunity to obtain remaining earn-out payments that were to be provided for fiscal years 2003 and 2004.

31. PLATO's actions have denied Plaintiff receipt of $750,000 and the value of Braswell Stock Option Agreement shares of PLATO common stock that were to be provided under the Agreement.

## Count 1
## Breach of Contract

32. Plaintiff incorporates and realleges the allegations in Paragraphs 1 through 32 herein.

33. Plaintiff fulfilled the terms of his obligations under the Agreement including the covenant not to compete that extended through October 31, 2004.

34. PLATO is in breach of the Agreement.

35. PLATO has failed to provide earn-out payments as required under the Agreement and has otherwise acted in such a manner so as to deny Plaintiff any reasonable opportunity and ability to obtain such payments.

36. As a direct and proximate result of PLATO's breach, Plaintiff has suffered damage in an amount to be determined at trial, but not less than the sums owed under the Agreement but not paid, in the amount of $750,000 plus the value as of the date of the Braswell Stock Option Agreement of PLATO common stock.

37. Plaintiff is entitled to recover their attorney's fees and costs as allowed by law.

## Count 2
## Breach of Covenant of Good Faith and Fair Dealing

38. Plaintiff incorporates and realleges the allegations in Paragraphs 1 through 37 herein.

39. The Agreement contained an implied covenant of good faith and fair dealing.

40. The Agreement and negotiated earn-outs implied that PLATO would appropriately promote and further the sale of TeachMaster's products future, product development, and business operations such that TeachMaster would be afforded a reasonable opportunity to attain certain revenue and profit goals required to meet mandatory PLATO earn-out provisions.

41. PLATO actions denied opportunities and activities contemplated by the Agreement and are in breach of the Agreement's implied covenant of good faith and fair dealing.

42. As a direct and proximate result of PLATO's breach, Plaintiff has been damaged in both contract and tort, in an amount to be proven at trial but in any event not less than the sums owed under the Agreement but not paid, in the amount of $750,000 plus the value as of the date of the Agreement of Braswell Stock Options of PLATO common stock.

43. Plaintiff is also entitled to recover his attorney's fees and costs as allowed by law.

## Count 3
## Fraud

44. Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 43 herein.

45. PLATO misrepresented to Plaintiff material facts as to PLATO's intentions with respect to TeachMaster's continued operations upon acquisition and PLATO's efforts to improve and expand such operations, including that PLATO would devote substantial resources to the sale and development of TeachMaster products. PLATO intentionally engaged in a course of action continuously since acquiring TeachMaster to thwart the support, sale, and development of TeachMaster products and services, including but not limited by directing PLATO's sales force to not promote or sell TeachMaster products.

46. PLATO's representations and actions were material, and were made to induce Plaintiff to enter the Agreement and to sell TeachMaster's assets to PLATO.

47. PLATO's representations were false, and PLATO was aware of their falsity.

48. Plaintiff was unaware of the falsity of PLATO's misrepresentations (until now).

49. Plaintiff had a right to and reasonably relied upon PLATO's representations, and to his detriment.

50. As a direct and proximate result of PLATO's misrepresentations Plaintiff has suffered damage in an amount to be proven at trial but in any event not less than the sums owed to Plaintiff under the Agreement.

## Count 4
## Negligent Misrepresentation

51. Plaintiff incorporates and realleges the allegations in Paragraphs 1 through 50 herein.

52. PLATO in the course of its business activity, including its acquisition of other entities, and in furtherance of specific transactions in which it had an interest, supplied information to Plaintiff and asked for Plaintiff's guidance.

53. PLATO intended that Plaintiff rely upon the information it provided in order to induce Plaintiff to support PLATO and PLATO understood that Plaintiff intended to rely upon PLATO's information.

54. PLATO failed to exercise reasonable care in the provision of information to Plaintiff.

55. PLATO's information provided to Plaintiff was materially false.

56. Plaintiff reasonably relied upon information provided by PLATO directly and indirectly, including employees of TeachMaster and others, all to Plaintiff's ultimate detriment.

57. As a direct and proximate result of PLATO's negligent and wrongful conduct, Plaintiff has suffered damage in an amount to be proven at trial but in any event not limited to sums to be provided under the Agreement.

## Count 5
## Bad Faith

58. Plaintiff incorporates and realleges the allegations in Paragraphs 1 through 57 herein.

59. PLATO is liable for damages caused by bad faith, which is demonstrated, inter alia, by PLATO's actions with respect to other acquisitions in addition to that of TeachMaster; PLATO's promises and representations to Plaintiff, including as to the resources to be dedicated to the sale and development of TeachMaster's products and future products; PLATO's

intentional actions upon acquisition of TeachMaster's assets to transfer, dismantle, subsume and otherwise destroy TeachMaster's operations such that revenue and profit goals contemplated by the parties in the Agreement was materially frustrated and denied.

60. As a direct and proximate result of PLATO's bad faith Plaintiff has been damaged including damage to his business reputation in an amount to be proven at trial.

61. PLATO's bad faith conduct was intentionally performed, with evil mind, such that punishment in the form of punitive damages is warranted.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment for the Plaintiff and against Defendant herein, as follows;

A. For the recovery of damages for Defendant's breach of contract, in an amount not less than $826,690, plus value of Braswell's Stock Options.

B. For the recovery of such damages for Defendant's breach of contract in an amount to be determined at trial.

C. For the recovery of tort damages for Defendant's fraud, misrepresentation and bad faith in an amount to be determined at trial.

D. For the recovery of punitive damages in an amount to be determined at trial.

E. For the recovery of Plaintiff's attorney's fees and costs.

F. For such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 31st day of October, 2006.

GARY L. LASSEN, PLC


By: s/Gary L. Lassen
Gary L. Lassen (5259)

2020 North Central Avenue
Central park Square, Suite 1100
Phoenix, AZ 85004
Telephone: (602) 252- 1205
Facsmile: (602) 254-6982

ORIGINAL of the foregoing filed electronically
This 31st day of October 2006 as follows:

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
401 W. Washington
Phoenix, Arizona  85003

By: _____s/Debbie Mattatall_____

## VERIFICATION

I, David L. Braswell, am a named party to this action and competent to sign this Verification. I have read the Complaint and know the contents thereof and, upon information and belief, the information contained therein is believed to be true.

I verify under penalty of perjury that the foregoing is true and correct.

_____
David L. Braswell